Nash, C. J.
 

 The plaintiff has brought his action prematurely. Without entering into the question, whether under the cir-' cumstances, an action could be maintained by him against the defendant, we are Of Opinion that at the time this suit Was brought, there Was no cause Of action. The case is simply this : The plaintiff owed the defendant a sum of money amounting to forty dollars, for which hé confessed a judgment: upon this judgment he paid the plaintiff, by the hands of one Beattie and another person, the sum of twehty-four dollars or thereabouts ,• an execu*
 
 *413
 
 tion issued on the judgment to collect the whole sum mentioned in it, and was levied on the land of the plaintiff on the 4th day of December, 1850 ; and having been returned to the County Court succeeding, a judgment condemningtbe land was rendered on the 9th of December. This action was commenced on the 3rd of December. — one day before the levy.' On the sale of the land, the whole amount of the j udgment was collected. The payments were made after the judgment was rendered by the magistrate, and were to be credited on it, but were not. At the time, then, when the attachment issued, what cause of action had arisen to the' plaintiff? No time was specified within which the credits were to be entered by the defendant, and not until the sale of the land under the execution, and the collection of the whole amount specified in it, was there any breach of duty on the part of the defendant, or any over payment. If at the time of the sale, the defendant had instructed the Sheriff, as if was his duty to have done, that the judgment was subject to be credited with the amount of the payments, and he was to collect only the balance due, certainly no cause of action could have arisen against him. The levy could give no such action
 
 ;
 
 for after allowing the payments, there was still due to the defendant, upon the judgment, upwards of sixteen dollars, and for this amount he had a right to levy and sell. Not until the defendant caused a sale of the land, for the collection of the whole amount called for in the execution, could a cause of action arise to the plaintiff for the recovery of the amount paid by him. Again, a constable cannot sell land under a Justice’s execution. He may make a levy, but the levy with the papers must be returned to the County Court, and that tribunal will not give a judgment condemning the land, until after five days’ notice to the defendant in the judgment. This was no doubt done ; and the plaintiff might have appeared'and shown to the Court, that since the judgment was obtained before the magistrate, he had made the payments claimed by him. He had, therefore, his day in Court, and did not choose to avail himself of it, but commenced his action before even a levy was made,
 

 Pek CuRiam. Judgment reversed, and a
 
 venire de novo
 
 awarded.